LUELLA HEINROTH *et al.* Appellants, *vs.* ELVIN J. GRIFFIN, Sheriff, *et al.* Appellees.

*Opinion filed December 22, 1909.*

1. RES JUDICATA—*when parties having undisclosed interest are bound by decree.* If the person in whose name a judgment was recovered, his assigns of record and all persons who the complainant actually knows are interested in the judgment are made parties to a bill to enjoin the sale of land under an execution issued on such judgment, the decree granting the injunction is binding upon all the parties and upon all persons having an undisclosed interest in the judgment.

2. MANDAMUS—*when a sheriff cannot be compelled to sell land on execution.* A sheriff cannot be compelled to sell land on execution where it appears that his predecessor in office had been permanently enjoined from making such sale by a decree rendered in a chancery proceeding, and that the decree is also binding upon the petitioners, as owners of an undisclosed interest in the judgment, though they were not nominal parties to the injunction suit.

3. JUDGMENTS AND DECREES—*when a decree cannot be collaterally attacked.* A decree enjoining the sale of land under a certain execution and ordering a sale by the master, and which provides that unless the complainants, or some of them, "or some other person," shall bid more than a specified amount no sale shall be considered as made and the decree shall be deemed void, becomes valid and binding and not subject to collateral attack where more than the specified amount was bid and the sale was reported to the court and confirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

This was a petition filed in the circuit court of Lake county by Luella Heinroth and Fred C. Tiedt against Elvin J. Griffin, as sheriff of said county, for a writ of *mandamus* to coerce him, as such sheriff, to sell certain real estate situated in his county upon an *alias* execution in his hands, issued August 24, 1903, upon a judgment in favor

of the Illinois Brick Company and against the Winthrop Harbor and Dock Company, under which execution a redemption of said real estate had been made on September 7, 1903, from a prior sale of said real estate to Lawrence C. Moore on an execution issued upon a judgment in favor of Caroline Roth against the Winthrop Harbor and Dock Company. The petition was amended by making new parties. An answer was filed and a demurrer was interposed to the answer. The demurrer was overruled, and the petitioners having stood by their demurrer the petition was dismissed. The judgment dismissing the petition has been affirmed by the Appellate Court for the Second District, and the petitioners have brought the record to this court by appeal, for further review.

The following statement preceding the opinion filed by the Appellate Court from an examination of the record we find to be correct, and it will be adopted by this court as a statement of the facts disclosed by the record:

"The petition set out at great length that the harbor company acquired title to this real estate and mortgaged the same and defaulted, and that William Jones became the holder of the notes secured by the mortgage and filed a bill to foreclose against the harbor company and the Illinois Brick Company and others; a final decree of foreclosure; the sale of the premises to William Jones and the issue of a certificate of purchase to him; that Caroline Roth recovered a judgment against the harbor company in the superior court of Cook county and filed a transcript thereof in Lake county and had an execution thereon to the sheriff of Lake county which was levied on said real estate, and that Caroline Roth paid to the sheriff $12,330.35 to redeem from said foreclosure sale on August 13, 1903, and the sheriff executed a certificate of redemption to Caroline Roth and filed the same for record; that the sheriff then, under said execution in favor of Caroline Roth, sold said real estate on September 5, 1903, to Lawrence C. Moore for $24,000,

and a certificate of purchase was issued to him and filed for record; that on March 20, 1901, the Illinois Brick Company recovered a judgment against the harbor company in the circuit court of Cook county for $275.83 and filed a transcript thereof in Lake county; that said judgment was assigned in writing to William D. Cravens and by him to H. Martin, which assignments were recorded in Lake county on September 7, 1903, and that on August 24, 1903, an *alias* execution was issued on said transcript to the sheriff of Lake county and placed in the hands of the sheriff. The petition further stated that certain persons were desirous of acquiring title to said land and secured the co-operation of the said H. Martin, then the owner of said judgment, and contemplated redeeming the premises from said sale under the execution of Caroline Roth and the purchase by said Moore but did not have sufficient money, and that their attorney, F. H. Novak, on September 7, 1903, requested and received from Luella Heinroth $2200 and from Tiedt $5200, which, with other moneys, were to be used by Novak in redeeming from the sale to Moore, and which moneys were to be secured in this manner: Martin was to assign to Novak, as trustee, said judgment of the Illinois Brick Company, and all his rights in said *alias* execution then in the hands of said sheriff, and all his right in the redemption moneys to be paid in the name of Martin in making redemption from said sale to Moore, and also an assignment in blank of the certificate of redemption to be issued to Martin, and Novak was to hold these assignments as security for petitioners till the sheriff sold the real estate under said *alias* execution, and that petitioners should be repaid out of the proceeds thereof, and if Martin obtained title to said real estate through said sheriff's sale, then Martin was to give his notes due in one year and secured by a trust deed on said real estate. The petition further stated that Novak paid to the sheriff said money to redeem from said sale to Moore, and that the sheriff de-

livered to Novak a certificate of redemption issued to Martin, showing that Martin had on that day, September 7, 1903, redeemed from the sale under the Caroline Roth execution; that the sheriff paid said money to Moore, and paid to one J. Husak, who was then the owner of the Caroline Roth interest, the amount paid by Caroline Roth to redeem from the sale to Jones, and that the rest of the money was paid to Husak towards the satisfaction of the execution on the Caroline Roth judgment, and that, pursuant to the redemption in the name of Martin, the sheriff, on September 7, 1903, levied the execution in favor of the Illinois Brick Company upon said real estate; * * * that said execution has ever since remained unsatisfied in the hands of the sheriff and his successor in office, Elvin J. Griffin; that said judgment in favor of the Illinois Brick Company has never been paid and is in full force; that said execution has never been released or satisfied, but that the sheriff has ever since refused and failed to advertise and sell the real estate thereunder, and that no part of the moneys advanced by Luella Heinroth and said Tiedt, or the interest thereon, has ever been paid to them, and that they have the right to have the sheriff advertise and sell said real estate under said *alias* execution but he refuses so to do.

"The sheriff answered, setting up many facts prior to the litigation hereinafter mentioned, and setting up the filing of a bill of complaint by Arthur W. Burnham and others against Caroline Roth, H. Martin, Joseph Husak, Lawrence C. Moore, F. H. Novak and the sheriff of Lake county and others, and stated the substance of the bill and set out in full the decree rendered in that case, wherein it is claimed the sheriff of Lake county was perpetually enjoined from selling the real estate in question under the execution in favor of the Illinois Brick Company against the harbor company, issued under the judgment here in question. * * * The sheriff relies upon that decree as his justification for refusing to sell under the execution is-

sued in the case of the Illinois Brick Company against the harbor company. The answer of the sheriff also set up that after the rendition of the decree in *Burnham* v. *Roth* the master advertised and sold said real estate at public auction on May 10, 1905, to Fayette C. Munro for $16,343.62 and reported said sale to the court and that the same was confirmed by the court; that no redemption was made from said sale, and the premises were thereafter conveyed by the master to Albert C. Frost, then the legal holder of the certificate issued to said Munro; that afterwards, on September 5, 1907, Frost and his wife conveyed said real estate to Otto R. Hansen by warranty deed, which was duly filed for record, but which deed was, in fact, a mortgage, and that the title to said real estate is in Albert C. Frost, and that Frost and Hansen were necessary defendants to the petition. Thereafter, on motion of said petitioners, it was ordered that Frost and Hansen be made parties defendant, and process issued for them."

LESLIE A. NEEDHAM, and STEARNS & FIELD, for appellants.

ELVIN J. GRIFFIN, for himself; HOLLAND & ELLIOTT, and ARTHUR J. MULLEN, for other appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The main question to be determined in this case is, should the sheriff of Lake county be required, by writ of *mandamus*, to make a sale of real estate under an execution when the record shows that his predecessor in office had been permanently enjoined from selling said real estate under the said execution? The correct answer to this question depends upon whether the decree rendered in the case in which the injunction was granted is binding upon the petitioners.

It appears from the record that the judgment in favor of the Illinois Brick Company had been assigned to H. Martin, and that the complainants in the bill had no notice of the rights of the petitioners in said judgment, either constructive or actual. That being true, it was not necessary that the petitioners be made parties to said bill in order that the decree entered in said cause should be binding upon the petitioners. If it were necessary to make every person having an undisclosed interest in a judgment a party to a chancery suit which affected the judgment, and if he was not made a party thereto he could attack the decree collaterally, all decrees entered in foreclosure, partition and other chancery suits wherein judgment creditors are necessary parties might be ineffectual and open to collateral attack at any time by a party having some secret interest in a judgment, as assignee or otherwise. It is sufficient to bind all parties interested in a judgment, that the person in whose name the judgment is recovered, his assigns of record, and such persons as a complainant has actual notice are interested in the judgment, are made parties defendant to the suit. In this case H. Martin, the assignee of record, was a party defendant, and the decree entered against him bound all parties, including the petitioners, who had or who claimed to have an undisclosed interest in the judgment of the Illinois Brick Company. The decree in *Burnham* v. *Roth* was therefore binding upon the petitioners unless the decree was invalid for some defect upon its face.

It is said that the decree was void because it was conditioned upon the fact that the complainants, or some of them, must bid more than the amount of the money required to redeem from said mortgage sale, with interest and costs, together with the amount found to be due upon the Roth judgment, with interest and costs, otherwise no sale should be considered to have been made and the decree should be deemed to be void. The decree does not bear out the construction put upon it by the petitioners. It

provided, in express terms, that unless the complainants, or some one of them, "or some other person," should bid more than the amount specified, no sale should be considered to have been made and the decree should be deemed to be void. More than the amount specified in the decree was bid, and the sale was reported to the court and was confirmed by the court. It thereupon became final and binding and cannot be now attacked by the petitioners in this proceeding.

The other reasons urged against the binding force of said decree, as against the petitioners, are without force and need not be considered.

From a careful examination of this record we have reached the conclusion that the decree in the chancery suit of *Burnham* v. *Roth* is binding, not alone upon the sheriff and the parties to that suit, but is also binding upon the petitioners, and that the court did not err in sustaining the demurrer to their answer. The judgment of the Appellate Court will therefore be affirmed.     *Judgment affirmed.*